No. 25,200.

C. T. Barton et al., *Appellees*, v. The Butler County Oil Company et al., *Appellees*. (The Arkansas River Gas Company, *Appellant;* R. E. Youkers, Claimant, *Appellee;* and James M. Reynolds, Receiver, *Appellee*.)

### SYLLABUS BY THE COURT.

Claim of Error in Striking Out Evidence—*Record Does Not Show Evidence was Stricken Out—Judgment Affirmed.* A judgment of a trial court will not be reversed for error in striking out evidence where neither the abstracts nor the transcript show, and it is not conceded, that the evidence was struck out.

Appeal from Sedgwick district court, division No. 3; Jesse D. Wall, judge. Opinion filed April 5, 1924. Affirmed.

*Thomas C. Wilson, Henry Lampl, Fred B. Stanley,* and *Vincent F. Hiebsch,* all of Wichita, for the appellant.

*C. A. Matson,* and *I. H. Stearns,* ·both of Wichita, for appellee R. E. Youkers.

The opinion of the court was delivered by

Marshall, J.: The Arkansas River Gas Company, defendant, appeals from a judgment allowing a claim against James M. Reynolds, receiver of the oil properties in controversy in this action. The receiver does not appeal.

James M. Reynolds was appointed by the court receiver for the oil property and developed and operated that property under the direction of the court. The receiver employed R. E. Youkers and W. A. Wilbourn to drill oil and gas wells on the property and agreed to pay Youkers and Wilbourn a certain compensation. Much labor was performed, and more than $50,000 was paid, but a claim was filed for $1,815. $1,760 was allowed, and the receiver was directed to pay that amount to R. E. Youkers, the surviving partner of Youkers & Wilbourn, Wilbourn having died prior to that time. On the trial, the receiver and the Arkansas River Gas Company contended that the claim of Youkers had been settled and paid and introduced evidence which tended to support that contention. Youkers introduced evidence which tended to deny that contention and which tended to show that the amount claimed was still owing to him. A written receipt acknowledging payment in full for work

53—115 Kan.

done by Youkers and Wilbourn to October 15, 1920, was introduced in evidence. The evidence tended to show that other work was performed after that date pay for which, the Gas Company contended, was included, by oral agreement, in the receipt. The evidence of Youkers tended to show that it was not so included.

The Arkansas River Gas Company contends that the court committed error in striking out the evidence which tended to show that payment for work done after October 15, 1920, was included in the receipt. Youkers says: "We have carefully examined the record and at no place therein does the court strike out this evidence." The abstract of the Arkansas River Gas Company shows the following:

"Mr. Wilson: Then offered in support of motion for new trial, the evidence stricken out during the original trial, being Exhibit 'A,' which was the evidence of Mr. Shryock, Mr. Reynolds, and Mr. Winston.

"The court: Let the records show in support of a motion for new trial the evidence which was stricken out.

"Mr. Wilson: This offer on behalf of a motion of the Receiver and the motion of the Arkansas River Gas Co.

"The court: Motions for new trial will be overruled.

"Exhibit 'A' as stated above was the evidence of George A. Shryock, James Reynolds, the receiver, and Gus Winston. This evidence has been abstracted and will be found at length elsewhere in this abstract and for that reason we feel it unnecessary to encumber the record by reabstracting the evidence of these three witnesses."

It is stated in the counter abstract of Youkers that—

"We have carefully examined the record and at no place therein does the court strike out this evidence."

The transcript of the evidence was sent for and has been examined. It shows that near the conclusion of introduction of the evidence in the case the following took place:

"Mr. Stearns: Claimant moves to strike out all the evidence offered on behalf of the Arkansas River Gas Company and the Receiver, introduced this morning, all of the oral testimony, for the reason that the same is in conflict with the written document and the only written evidence introduced on behalf of the Receiver and the Arkansas River Gas Company, the same being purported voucher, said evidence being in conflict with the oral evidence, said written evidence being offered by those parties and being binding on them, they having offered the same.

"The Court: I will reserve ruling on that. I will take this all up together.

"Mr. Stearns: That is all.

"Mr. Stanley: That is all."

On the hearing of the motions for a new trial, the Arkansas River

Gas Company offered evidence which the gas company claimed had been stricken out. We copy from the transcript on the hearing of the motions for a new trial, as follows:

"And, thereupon, the following procedings were had before Hon. Jesse D. Wall, judge of said court, to wit:

"The court: Are there any other questions except the tax question and this intervening petition?

"Mr. Wilson: There are two motions for new trial, one in the Youkers claim and one in the Adams Claim. We would like to take up those to-day.

"The court: I am not going to take up any of them unless I take up all of them.

                    (Informal argument.)

"Mr. Wilson: We will represent the Receiver to the extent of taking up the motion for new trial. The Arkansas River Gas Company is a party in interest here. Mr. Stearns represents Youkers; Senator Long represents Mr. Adams.

"Mr. Stearns: The evidence—(interrupted).

"Mr. Wilson: Simply introducing or offering on motion for new trial the evidence which was stricken out, and I have it in my hands here. I do not care to argue it at all.

"The court: Let the record show in support of the motion for new trial in the Youkers case the evidence which was stricken out?

"Mr. Wilson: Yes, Exhibit 'A,' the evidence of Mr. Shyrock, Mr. Reynolds and Mr. Winston, that the reporter has copied for us.

"The court: I much prefer, if Mr. Lilleston has anything to do with it— (interrupted)

"Mr. Wilson: This is offered on behalf of the motion of the Receiver and the motion of the Arkansas River Gas Company. They are identical motions; we prepared them together and I don't know but what we drew them both.

"The court: Is it satisfactory to all parties, then, I understand? To take these up at this time and pass on them?

"Mr. Wilson: I suppose so, and get them out of the way.

"The court: Is it satisfactory to you to take up yours without Mr. Lilleston for the receiver?

"Mr. Stearns: Yes.

"The court: It being announced that counsel do not care to argue it, the motion for new trial will be overruled.

"Mr. Wilson: We don't want the record to show that we refused to argue it.

"The court: No, but willing to submit it without argument.

"Mr. Wilson: Yes; motions for the receiver and of the Arkansas River Gas Company.

"The court: Motions for new trial will be overruled.

"Mr. Wilson: We would like to have a stay and give a bond.

"Mr. Stearns: I don't know whether all of that was stricken out, or not.

"Mr. Stanley: This is only our offer.

"Mr. Wilson: And you are admitting in evidence our offer?

"The court: I am admitting your offer, because, as I understand it you have

                        Snehoda v. National Bank.

to—on the motion for new trial that is the proper time to proffer what was rejected at the time of the trial.

"Mr. Wilson: That is our idea, exactly.

"The court: Then, you want thirty days' stay?

"Mr. Wilson: Thirty days' stay and give a bond.

"Mr. Stearns: That is all right, only I don't want the Court to make any ruling cutting out all this evidence.

"Mr. Wilson: That is only on our motion for new trial.

"The court: As I understand, the Court does not pass on this at all, except as an affidavit."

The transcript does not show that any evidence was stricken out. Only a very few objections to the evidence offered by the Gas Company and the receiver were sustained, and they were not on material matters. On the abstracts and the transcript, this contention cannot be sustained.

The Arkansas River Gas Company contends "that under the facts and the evidence, the trial court committed error in rendering judgment for Mr. Youkers as the surviving partner against the receiver and in failing to dismiss the claim of Mr. Youkers." No argument is made to support this contention. Only one proposition is argued by the Arkansas River Gas Company, and that proposition has been disposed of.

The judgment is affirmed.